## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO:

APRIL JOY COLVIN, on behalf of herself
and all others similarly situated,

     Plaintiff(s),

     v.

TOO COOL CAFÉ, LLC, and
CHRISTOPHER J. HIERONYMUS,
individually,

     Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, APRIL JOY COLVIN ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendant, TOO COOL CAFÉ, LLC ("TOO COOL"), and CHRISTOPHER J. HIERONYMUS ("HIERONYMUS"), for failure to pay federal minimum and overtime wages for certain hours worked to all Restaurant Servers (hereinafter "Restaurant Servers" or "the collective") as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

### INTRODUCTION

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of Restaurant Servers who work or have worked at Too Cool Café in Indian Harbour Beach, Florida. Defendants unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment within the past three (3) years. Defendants have violated the minimum wage requirements of federal law by paying all Restaurant Servers a "reduced wage" for all hours worked during a shift, notwithstanding that Defendants required

Restaurant Servers to share tips with members of management who are ineligible to receive these tips.  As a result, Plaintiff, and similarly situated Restaurant Servers have been denied federally mandated minimum wages in one or more workweeks during their employment.  Moreover, Defendants recently enforced a company-wide policy that requires Restaurant Servers to surrender a portion of their tips to the restaurant in order for the restaurant to use these tips to help off-set a recent increase to the Florida Minimum Wage.  Plaintiff and similarly situated Restaurant Servers are therefore entitled to recover the tip credit taken by Defendants and any and all tips that were retained by the Defendants and/or their supervisors.  Defendants have also violated the federal overtime law requirements by unlawfully removing hours worked by Plaintiff and other Restaurant Serves so as to avoid paying federal overtime wages.

## **PARTIES**

1.      During all times material hereto, Plaintiff was a resident of Brevard County, Florida, over the age of 18 years, and otherwise *sui juris.*

2.      Plaintiff and putative members of the FLSA collectives are/were Restaurant Servers who worked for Defendants within the last three (3) years in Indian Harbour Beach, Florida.

3.      Plaintiff began working as a Restaurant Server for Defendants in approximately March 2021 and as of the date of filing is still employed.

4.      The proposed FLSA collective members worked for Defendants in the same/identical capacity as Plaintiff in that they were Restaurant Servers for Defendants during the relevant time period.

5.      Plaintiff and the proposed FLSA collective members were subjected to similar violations of federal law.  Plaintiff seeks certification under 29 U.S.C. § 216(b) of the following 3 collectives:

> **All Restaurant Servers who worked for Too Cool Café in Indian Harbour Beach, Florida, during the three (3) years preceding this lawsuit, who were required to share any portion of their tips with restaurant managers.**

6.      Plaintiff also seeks certification of an FLSA collective under 29 U.S.C. § 216(b) of the following class:

> **All Restaurant Servers who worked for Too Cool Café in Indian Harbour Beach, Florida, during the three (3) years preceding this lawsuit who were required to share any portion of their tips with the restaurant and/or its owner.**

7.      Plaintiff further seeks certification of an FLSA collective under 29 U.S.C. § 216(b) of the following class:

> **All Restaurant Servers who worked for Too Cool Café in Indian Harbour Beach, Florida, during the three (3) years preceding this lawsuit, who were required to work in excess of 40 hours per week and were not paid the proper overtime premium.**

8.      The precise size and identity of each collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants; however, Plaintiff estimates that the total number of members of each collective could exceed 20 Restaurant Servers.[1]

9.      During all times material hereto, Defendant, TOO COOL, was a Florida limited liability company operating and transacting business within Brevard County, Florida, within the jurisdiction of this Honorable Court.

---

[1] On information and belief, Defendant employs an average of roughly 10-15 Restaurant Servers at any given time for a total of approximately 20-30 Restaurant Servers over the past three years. On information and belief, given the turnover rate of employees in the restaurant industry, it is entirely reasonable to infer that Defendant has employed at least this number of servers within the past three (3) years prior to the filing of this lawsuit.

10. Defendant, TOO COOL, controls and directs the operations of Too Cool Café located at 2051 S. Patrick Drive, Indian Harbour Beach, Florida 32937.

11. Defendant, HIERONYMUS, was the individual owner and/or managing member of TOO COOL and controlled the day-to-day operations and payroll policies for the restaurant. Defendant, HIERONYMUS, was a corporate officer of TOO COOL during the relevant time period, supervised work performed by Plaintiff and other Restaurant Servers, and either created and/or approved and enforced the unlawful wage policies at issue in this lawsuit.

12. Defendants were Plaintiff's employer during all times pertinent to the allegations herein.

13. During all times material hereto, Defendants were vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant during the relevant time period.

### JURISDICTION AND VENUE

14. This action is brought under 29 U.S.C. § 216(b), to recover damages from Defendants, injunctive relief, and reasonable attorney's fees and costs.

15. A substantial amount of the acts and omissions giving rise to this dispute took place within Brevard County, Florida, which falls within the jurisdiction of this Honorable Court.

16. Defendants regularly transact business in Brevard County, Florida, and jurisdiction is therefore proper.

17. Venue is also proper within Brevard County, Florida.

### FLSA COVERAGE

18. Defendant, TOO COOL, is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that

Defendant, TOO COOL, had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

19.     Defendant, TOO COOL's employees handled goods such as napkins, polish, silverware, appliances, food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

20.     At all material times (during the last three years), Defendant, TOO COOL, had an annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

## GENERAL ALLEGATIONS

21.     TOO COOL operates a café and restaurant in Indian Harbour Beach, Florida, that has been serving brunch, lunch, and dinner to patrons since November 2018.

22.     TOO COOL employs Restaurant Servers who provide high quality customer service to dining patrons.  Defendants require their Restaurant Servers to often work in excess of 40 hours per week.

23.     Defendants hired Plaintiff to work as a Restaurant Server in March 2021.

24.     Plaintiff and other Restaurant servers employed at TOO COOL are non-exempt hourly employees under the Fair Labor Standards Act ("FLSA").

25.     During the relevant time period, Defendants paid Restaurant Servers, including Plaintiff, a "reduced wage" in order to take advantage of the tip credit under the FLSA.

26.     In 2021 Defendants paid all Restaurant Servers a reduced wage of $5.63 per hour plus tips.

**JULY 2021**

27.     In July 2021, Defendants implemented policies that required their Restaurant Servers to share a portion of the tips they earned with restaurant managers.  More specifically, Defendants instructed the Restaurant Servers to provide 3.5% of their totals sales in tips to the restaurant managers and supervisors in order to supplement their income.

28.     Defendants continued to rely on the tip credit even though they instructed the Restaurant Servers to surrender a portion of their tips to restaurant managers and supervisors.

**SEPTEMBER 2021**

29.     On November 3, 2020, over 60% of voters in the State of Florida approved and passed an amendment that increased the state minimum wage.

30.     Effective September 30, 2021, the Florida Minimum Wage increased to $10.00 per hour.

31.     Effective September 30, 2021, any employer wishing to rely on a tip credit was required to increase the reduced wage paid to tipped employees to $6.98 per hour.

32.     Defendants failed to comply with the increase to the "reduced wage."

33.     On October 1, 2021, Defendants continued to pay Restaurant Servers $5.62 per hour instead of the newly mandated $6.98 per hour.  As of the date of filing, Defendants continue to only pay the Restaurant Servers $5.62 per hour.

34.     Furthermore, on October 1, 2021, Defendants implemented policies that required Restaurant Servers to surrender 1.5% of their total sales to the restaurant each shift.  Defendants instructed the Restaurant Servers that the restaurant would use these tips to help offset the minimum wage increase for back-of-the-house employees.

35.     In other words, Defendants retained a portion of the Restaurant Servers' tips so they could redistribute these tips to back-of-the-house employees such as cooks, dishwashers, and food preparers.

36.     As of the date of filing, Defendants have continued to regularly enforce this policy

37.     Plaintiff and the class members have continued to work without being paid the full minimum wage for hours worked.

38.     The work performed by Plaintiff and the class members is an integral part of the business for Defendants.

39.     Defendants are in violation of the Fair Labor Standards Act ("FLSA") by not paying Plaintiff and the putative class members, at least federal minimum wage for all hours worked.[2]

40.     Plaintiff and the class members are entitled to receive at least federal minimum wage for each hour worked.

41.     The additional persons who may become Plaintiffs in this action are Restaurant Servers similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least federal minimum wage for each hour worked.

---

[2] Pursuant to 29 C.F.R. § 531.35, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." *Id.* If an employer requires an employee to pay the costs for tools of the trade that are required for performance of work, there is a violation of the FLSA in any workweek when the costs of items purchased by the employee cuts into the minimum wages required to be paid to him under the Act. *Id.; see, also,* Montoya v. CRST Expedited, Inc., 311 F.Supp.3d 411 (D. Mass. 2018) (FLSA requires employers to pay wages free and clear, which means employers are prohibited from charging employees for expenses for the expenses would drive the employee's pay below minimum wage). Moreover, under 29 C.F.R. § 531.3, an employer may not require its employee to incur costs of purchasing a uniform when the nature of the business requires the employee to wear a uniform. *Id.; see, also,* Reich v. Priba Corp., 890 F.Supp. 586 (N.D. Tex. 1995) (Employer violated the FLSA by requiring servers to provide their own uniforms which reduced the employees' wages below the minimum wage required by the FLSA).

42.     Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendants.

43.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

44.     Defendants employed dozens of Restaurant Servers at TOO COOL who were not paid federal minimum wage for certain hours worked within the past three (3) years.

45.     Defendants employed dozens of employees at TOO COOL who were paid a "reduced wage" for all hours worked.

46.     Plaintiff and the class members were subject to the same policies.

47.     Plaintiff and the class members performed the same job duties at TOO COOL, as Restaurant Servers, and were paid in an identical manner by Defendants based on Defendant's failure to compensate Plaintiff and the class members at the full minimum wage.

48.     Plaintiff and the class members were not paid proper federal minimum wage for the hours worked.

49.     Defendants failed to keep accurate time and pay records for Plaintiff and all class members.

50.     Defendants were aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

51.     As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
### Against Both Defendants Arising from Tip Violations

52.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

53.     Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendants.

54.     Throughout Plaintiff's employment, Defendants required Plaintiff and all others similarly situated to work for a reduced wage in 2021 in the amount of $5.63 per hour.

55.     However, in one or more workweeks in 2021, Defendants required Plaintiff to share portions of their tips with restaurant managers and/or supervisors.

56.     As a result of Defendants requiring Plaintiff and other Restaurant Servers to share a portion of their tips with management and/or supervisors, the Defendants are not entitled to the $3.02 tip credit they have taken on 2021.

57.     As a result, Plaintiff and the members of the collective are entitled to receive the full federal minimum wage for the hours worked each shift as opposed to the "reduced wage" they received.

58.     Defendants willfully failed to pay Plaintiff and members of the collective the full federal minimum wage for one or more weeks of work contrary to the FLSA.

59.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and members of the collective have been damaged in the loss of federal minimum wages for one or more weeks of work during their employment with Defendants.

60.     Defendants' willful and/or intentional violations of law entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

61.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, APRIL JOY COLVIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, TOO COOL CAFÉ, LLC, and CHRISTOPHER J. HIERONYMUS, and award Plaintiff: (a) unliquidated federal minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT II – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203
**Against Both Defendants Arising from Illegal Kickbacks**

62.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

63.     Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

64.     Pursuant to 29 U.S.C. 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[3]

---

[3] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 230(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

65.     During the relevant time period, Defendants enforced a restaurant-wide policy that required Plaintiff and similarly situated Restaurant Servers to use the wages they received to provide unlawful kickbacks by surrendering a portion of their tips for the employer's benefit.

66.     This policy that was enforced by Defendants became unlawful effective March 23, 2018.  Defendants nevertheless continued to enforce this policy, and on information and belief, still enforce this unlawful policy to this day.

67.     Accordingly, the wages received by Plaintiff and similarly situated individuals were not finally and unconditionally "free and clear."

68.     Plaintiff and similarly situated Restaurant Servers are entitled to recover the tip credit **and** the sum of all tips that they were required to use for the employer's benefit from March 23, 2018, through the present.

WHEREFORE, Plaintiff, APRIL JOY COLVIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TOO COOL CAFÉ, LLC, and CHRISTOPHER J. HIERONYMUS, and award Plaintiff: (a) recovery of the tip credit and all tips owed to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

**COUNT III – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203**
**Against Both Defendants Arising from Supervisors' Retention of Servers' Tips**

69.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

70.     Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendants.

71.     Pursuant to 29 U.S.C. 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[4]

72.     During the relevant time period, Defendants enforced a restaurant-wide policy that required Plaintiff and similarly situated Restaurant Servers to allow supervisors to keep a portion of the tips Restaurant Servers earned.

73.     This policy that was enforced by Defendant became unlawful effective March 23, 2018.  Defendants nevertheless continued to enforce this policy, and on information and belief, still enforces this unlawful policy to this day.

74.     Accordingly, the wages received by Plaintiff and similarly situated individuals were not finally and unconditionally "free and clear."

75.     Plaintiff and similarly situated Restaurant Servers are entitled to recover the tip credit **and** the sum of all tips that they were required to share with supervisors from March 23, 2018, through the present.

WHEREFORE, Plaintiff, APRIL JOY COLVIN, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, TOO COOL CAFÉ, LLC, and CHRISTOPHER J. HIERONYMUS, and award Plaintiff: (a) recovery of the tip credit and all tips owed to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages

---

[4] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 230(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."  The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA to be paid by Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

<u>**COUNT IV – FEDERAL OVERTIME WAGE VIOLATIONS**</u>

76.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 51 as though set forth fully herein.

77.     Defendants employed Plaintiff and similarly situated Restaurant Servers within the past three (3) years.

78.     In one or more workweeks, Plaintiff and all other similarly situated Restaurant Servers are/were required to work in excess of 40 hours per week.

79.     However, in one or more workweeks, certain hours were removed from the Restaurant Server's clock-in times so that Defendants could avoid having to pay their Restaurant Servers the applicable federal overtime wages.

80.     Plaintiff and members of the collective have sustained damages arising out of the same wrongful and company-wide employment policies of Defendants in violation of the FLSA.

81.     Defendants' willful and/or intentional violations of law entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

82.     As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, APRIL JOY COLVIN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, TOO COOL CAFÉ, LLC, and CHRISTOPHER J. HIERONYMUS, award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendants jointly and severally; (b) an equal amount of liquidated damages to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as

permitted under the FLSA to be paid by the Defendants jointly and severally; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, APRIL JOY COLVIN, requests and demands a trial by jury on all appropriate claims.

**Dated this 11th day of October 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 11, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: